# STATE OF OREGON,
*Respondent,*

*v.*

# RONALD GILBERT RAY,
*Appellant.*

## (B66-078; CA A34281)

719 P2d 922

Robert C. Homan, Staff Attorney, Public Defender Services of Lane County, Inc., Eugene, argued the cause and filed the brief for appellant.

Ann F. Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for harassment under ORS 166.065(1)(e), which provides:

"(1)   A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, the actor:

"* * * * *

"(e)   Subjects another to alarm or annoyance by telephonic use of obscenities or description of sexual excitement or sadomasochistic abuse or sexual conduct as defined in ORS 167.060 including intercourse, masturbation, cunnilingus, fellatio, or analingus, which use or description is patently offensive and otherwise obscene as defined in ORS 167.087(2)(b) and (c) * * *."

The complaint charged that, with intent to annoy and alarm the victim, defendant subjected her to annoyance and alarm

"by telephonic use of obscenities and description of sexual excitement and sexual conduct as defined in ORS 167.060, which use and description is patently offensive and otherwise obscene as defined in ORS [167.087(2)(b)] and (c) * * *."

Defendant demurred to the complaint on the ground that ORS 166.065(1)(e) is unconstitutionally vague on its face. The court overruled the demurrer.

We reverse. In *State v. Henry,* 78 Or App 392, 717 P2d 189 (1986), we held that the definition of what is "obscene" in ORS 167.087(2) is unconstitutionally vague under the Oregon Constitution. The term "obscene" is an inseparable part of ORS 166.065(1)(e).

Reversed.